[Civ. No. 48280. First Dist., Div. Three. Jan. 14, 1982.]

JOHN IGNAZIO SARACENO, Plaintiff and Appellant, v. FOOTHILL-DE ANZA COMMUNITY COLLEGE DISTRICT et al., Defendants and Respondents.

852

COUNSEL

Joseph W. DiLeonardo for Plaintiff and Appellant.

Peter J. Landsberger for Defendants and Respondents.

## Opinion

**SCOTT, J.**—This appeal is from the denial of a petition for writ of mandate, in which appellant John Saraceno sought reclassification by respondent Foothill-De Anza Community College District as a full-time regular employee, and other related relief.

I

Appellant was hired as an assistant basketball coach at De Anza Community College in the fall of 1974, and served in that position during the 1974-1975, 1975-1976, and 1976-1977 basketball seasons. Appellant, a recent graduate of San Jose State University, worked under the supervision of basketball coach Anthony Nunes. In Nunes' judgment, none of appellant's duties were tasks which could only be performed by an individual with a teaching credential. Nunes made it clear to appellant that no credential was required to be an assistant coach.

Since approximately 1972, De Anza has employed numerous assistant coaches in various sports, and similar programs exist at other schools throughout the state. Among the reasons the assistant coaching program was established was to provide former student athletes with an opportunity to gain some coaching experience and make contacts, both of which might be advantageous in their subsequent efforts to get jobs. A teaching credential has never been required to be an assistant coach, and the majority of those who have worked as assistant coaches did not hold credentials.

Appellant was paid a flat rate for each basketball season, which he elected to receive in monthly installments throughout the season. His pay was not based on any salary schedule, but was based on funds available in the athletic department's budget. Appellant's employment as assistant coach extended only throughout each basketball season, a period of fewer than 194 days between mid-October and early March.

When appellant was hired as assistant coach, he was also hired by the college's physical education department as a part-time temporary instructor, a position which did require a credential. During each quarter of his employment as a part-time instructor, he was employed and paid to teach physical education classes for not more than 60 percent of the hours per week considered a full-time assignment for a regular cer-

tificated employee of the district teaching physical education. His duties as assistant coach were not considered by the district as part of his teaching load.

For each physical education class appellant was assigned to teach, he received and signed a card titled "Notification and Acceptance of Assignment," which specified the course name and time, and his placement on the salary schedule. Temporary teachers must sign a similar card for each assignment. Appellant received no such assignment card for his coaching duties.

Appellant considered himself a temporary employee when he was initially hired as an instructor. Sometime in 1977, he began to contend that his duties as assistant coach should be included in the calculation of his teaching load, which would then exceed 60 percent of a full-time assignment. In 1978 he filed the petition for writ of mandate which is the subject of this appeal. He urged that he had taught for three consecutive years with a teaching load in excess of 60 percent of a full-time assignment, entitling him to reclassification as a regular, or tenured employee.

The trial court denied the petition. The court made findings of fact, and concluded: (1) the duties appellant performed as assistant coach did not require certification qualifications and were properly excluded from his teaching load; (2) appellant was properly classified as a temporary certificated employee; (3) he was guilty of laches; and (4) he was estopped from alleging that the district has no authority to classify him as a temporary certificated employee.

## II

Appellant contends: (1) the judgment is not supported by evidence; (2) he is a regular instructor as a matter of law; (3) the trial court failed to apply the Education Code to the evidence, and district administrators exceeded their authority in fixing appellant's duties; (4) respondent is barred from asserting the defense of laches; and (5) respondent's failure to classify appellant's coaching duties as instructional denied him equal protection.

Before we consider these contentions, some discussion of pertinent Education Code provisions is necessary. ■ The Education Code es-

tablishes three classes of certificated community college employees: "regular," "contract," and "temporary." (Ed. Code, § 13346 (87604).)[1] The classification system is designed to give a degree of academic tenure in direct relation to years of employment. (*Haase* v. *San Diego Community College Dist.* (1980) 113 Cal.App.3d 913, 917 [170 Cal.Rptr. 366].) Contract and regular employees cannot be arbitrarily dismissed, and are entitled to notice and hearing before termination. (§§ 13403 et seq.; 13443 (87732 et seq., 87740).) In contrast, temporary teachers fill the short range needs of a school district, and may be summarily released absent an infringement of constitutional or contractual rights. (§§ 13445, 13446 (87742); *Balen* v. *Peralta Junior College Dist., supra,* 11 Cal.3d at p. 826.) Because teachers understandably seek the increased job security which a higher classification affords, the classification system has precipitated recurring litigation (see, e.g., *Peralta Federation of Teachers* v. *Peralta Community College Dist.* (1979) 24 Cal.3d 369 [155 Cal.Rptr. 679, 595 P.2d 113]; *Balen* v. *Peralta Junior College Dist., supra,* 11 Cal.3d 821).

Appellant was classified as a temporary employee pursuant to section 13337.5 (87482), which provides in relevant part: "... any person who is employed to teach adult or community college classes for not more than 60 percent of the hours per week considered a full-time assignment for permanent [regular] employees having comparable duties shall be classified as a temporary employee, and shall not become a probationary [contract] employee...." █ Certificated employees may perennially be classified as temporary, provided that each year they teach less than the specified number of hours. (*Peralta Federation of Teachers* v. *Peralta Community College Dist., supra,* 24 Cal.3d at p. 381; *Haase* v. *San Diego Community College Dist., supra,* 113 Cal.App.3d at p. 919.)

Community college districts are also authorized to employ persons for positions not requiring certification qualifications. (§ 13581 (88003).) Among such positions is that of "instructional aide." An instructional aide is "... employed to assist classroom instructors and

---

[1]Unless otherwise indicated, all code references are to the Education Code as it read when appellant was hired in 1974. The code was reorganized effective April 30, 1977. (Stats. 1976, ch. 1010.) Following each statutory reference is the corresponding section of the present code.

Prior to 1972, "regular" employees were designated "permanent," and "contract" employees were "probationary." (*Balen* v. *Peralta Junior College Dist.* (1974) 11 Cal.3d 821, 826, fn. 3 [114 Cal.Rptr. 589, 523 P.2d 629].)

other certificated personnel in the performance of their duties and in the supervision of students and in instructional tasks which, *in the judgment of the certificated personnel to whom the instructional aide is assigned*, may be performed by a person not licensed as a classroom instructor." (§ 13599.3 (88243).) (Italics added.) All instructional aide positions in a community college district are to be assigned the basic title of "instructional aide" *or other appropriate title* designated by the governing board. (§ 13599.2 (88242).) (Italics added.)[2]

With the above as background, we turn to appellant's contentions. First, appellant broadly asserts that the judgment is not supported by the evidence. ■ In particular, he contends that the evidence does not support the court's finding that he knew that certification qualifications were not required for his coaching assignment, and he attacks Coach Nunes' testimony as "obviously biased." Appellant's contention ignores the fundamental rules of appellate review. ■ In reviewing the sufficiency of the evidence to support the trial court's findings, this court must accept as true all evidence and all reasonable inferences from that evidence tending to establish the correctness of the findings as made. Every conflict is to be resolved in favor of the findings. (*Burr & Ladd, Inc.* v. *Marlett* (1964) 230 Cal.App.2d 468, 473 [41 Cal.Rptr. 130].) All issues of credibility in this case were within the province of the trier of fact. (*Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d 920, 925 [101 Cal.Rptr. 568].) ■ Coach Nunes testified that all assistant coaches were notified that a credential was not required for their work, and also that he made it clear to appellant that no credential was required. In contrast, appellant testified that while he was told that he was required to have a credential to teach at the college, no one ever told him whether assistant coaching was or was not considered teaching. The trial court resolved that conflicting testimony against appellant, and we cannot disturb that determination.

Among its findings, the court also found that appellant was consistently under the supervision of the head coach, and never performed any duties as an assistant that could only be performed by a person with certification qualifications. The evidence, which we have already

---

[2]Generally instructional aides are part of a district's "classified service," and are subject to the rights, benefits, and burdens of the classified service. However, short-term employees, employed and paid for less than 75 percent of a school year, are not part of the classified service. Seventy-five percent of a school year means 195 working days. (§§ 13581, 13599.7 (88003, 88247).)

set forth in the light most favorable to respondent, amply supports that finding as well.

■ Appellant next contends that he is a regular instructor as a matter of law, because he has taught in excess of 60 percent of the assignment of a regular full-time teacher for three consecutive years.[3] The premise of this argument is that his duties as assistant coach required a credential, and that therefore the coaching assignment should have been included in calculating his teaching load. Because substantial evidence supports the trial court's finding that a credential was not required to work as assistant coach, the argument is fatally flawed.

■ Appellant then contends that the district violated the Education Code because its governing board apparently had never formally adopted a written policy delegating authority to administrators or certificated employees to employ assistant coaches as instructional aides, even though the practice had been carried on, with the board's knowledge, for a number of years.

The Education Code does authorize the governing board to employ persons for positions not requiring certification qualifications (§ 13581 (88003)), and the evidence was undisputed that there was no formal board policy either generally delegating its authority to hire aides, or specifically authorizing coaches to hire instructional aides designated as "assistant coaches."

However, we fail to see how appellant has been prejudiced by the board's failure to formally adopt such a policy. Nor do we find any logic in appellant's suggestion that the board's lack of a written policy somehow transforms the position of assistant coach into an assignment requiring a teaching credential. The trial court considered the board's omissions irrelevant, and we agree.

■ Appellant then contends that Coach Nunes exceeded his authority when he determined that the duties of an assistant coach did not require a credential. Appellant's position seems to be that only the governing board can make that determination. The code does authorize the board to "fix and prescribe the duties" to be performed by all persons in

---

[3] A contract employee who is employed under his second consecutive contract, and not timely notified that he will not be reemployed, is deemed employed as a regular employee for all subsequent years. (§ 13346.25, 13346.30 (87609, 87610).)

public school service in the district. (§ 931 (72400).) However, the code also unequivocally provides that it is the certificated instructor to whom an aide is assigned who determines which tasks require certification and which do not. The only express statutory limitation upon that determination is that the instructional aide shall not assign grades to students, and appellant does not contend that his coaching duties included assignment of grades. (§§ 13599.3, 13599.4 (88243, 88244, subd. (a)).) Coach Nunes' determination that the tasks assigned to an assistant basketball coach could be performed by a noncertificated person was consistent with this statutory scheme.

■ Next, appellant contends that he has been denied equal protection of law, because his coaching duties were arbitrarily classified as noninstructional, whereas other assistant coaching assignments have been "determined to be instructional." This assertion is based on evidence that a few full-time credentialed employees have been granted "release time" from their instructional duties in order to work as assistant coaches. However, that fact does not mean that the assistant coaching duties which those individuals performed *required* a credential. There was no evidence that the assistant coaching duties of any part-time temporary employee were ever included in the computation of that employee's teaching load, and no evidence that any assistant coaching position required a credential.

Section 13481.05 (87664), cited by appellant in support of his equal protection argument, is inapposite. That section provides for the adoption of rules and procedures for the evaluation of contract and regular employees, and provides that such procedures and standards shall be uniform for all contract employees with similar duties and responsibilities, and uniform for regular employees with similar duties and responsibilities. The section makes no reference to temporary employees, and is simply not relevant to whether appellant was properly classified as a temporary employee.

In sum, substantial evidence supports the trial court's findings that appellant's duties as assistant basketball coach did not require a credential. Therefore, the court correctly concluded that those duties were properly excluded from calculating his teaching load, and that he was properly classified as a temporary certificated employee. On that basis alone, appellant's petition could have been denied. Accordingly, we need not consider whether appellant was also guilty of laches.

Judgment is affirmed.

White, P. J., and Barry-Deal, J., concurred.

A petition for a rehearing was denied February 11, 1982, and appellant's petition for a hearing by the Supreme Court was denied March 24, 1982.